IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KONATA MATTHEWS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-5081 |
| | : | |
| CITY OF PHILADELPHIA, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**Goldberg, J.**                                                                                                    **February 22, 2021**

Plaintiff Konata Matthews, a prisoner incarcerated at SCI-Dallas, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, raising constitutional claims based on allegedly false imprisonment, and related state claims.  Matthews seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Matthews leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety.

**I.      FACTUAL ALLEGATIONS**[1]

In 2015, Matthews was charged in three criminal proceedings in the Philadelphia Court of Common Pleas with robbery and related offenses.  See Commonwealth v. Matthews, CP-51-CR-0002463-2015, CP-51-CR-000648-2015, CP-51-CR-0006649-2015 (C.P. Phila.).  The cases were assigned to, and presided over by, Judge Donna Woelpper.  On October 15, 2018, Matthews entered a negotiated plea of guilty to three counts of robbery with the threat of immediate serious injury, and was sentenced to a term of incarceration to be followed by probation.  Id.  Matthews

---

[1]      The following allegations are taken from the Complaint and public dockets of which this Court may take judicial notice.  See Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).

1

filed a petition for post-conviction relief, which was denied. His appeal of that denial is pending before the Pennsylvania Superior Court.

In the instant civil action, Matthews brings constitutional and related state law claims challenging the imprisonment related to his convictions in these three state criminal proceedings. The Complaint names as Defendants the City of Philadelphia, Philadelphia District Attorney Larry Krasner, Judge Woelpper, and "Baukus," who is identified as the "Clerk of the Court of Common Pleas." (ECF No. 1 at 2-3.) Matthews alleges that Krasner, Judge Woelpper and Baukus "covered-up the perpetration of a fraud by deceiving [Matthews] to sign a negotiated plea agreement under Bills filed with the Clerk of Courts' Office of Judicial Records by former District Attorney Seth Williams," who was ultimately disbarred and imprisoned. (Id. at 3-4 (internal quotations omitted).) Matthews contends that Krasner "tampered with records" by substituting his name for Williams's name on the records, apparently after he was elected as District Attorney, rather than withdrawing, reviewing, and refiling the charges. (Id. at 4 (internal quotations omitted).) Matthews seeks a declaration that his rights were violated and three million dollars in damages. (Id. at 10.)

## II.     STANDARD OF REVIEW

The Court grants Matthews leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

---

[2]     However, as Matthews is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. See 28 U.S.C. § 1915(b).

2

see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. Id. The Court must also review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. See Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006))). As Matthews is proceeding *pro se*, the Court construes his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### A. Section 1983 Claims

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Furthermore, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); see

also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).

Matthews's claims are based entirely on his allegedly wrongful conviction and imprisonment. However, his convictions remain intact and have not thus far been invalidated. Accordingly, any civil rights claims based on the alleged unconstitutionality of his convictions and imprisonment are not cognizable in a civil rights action at this time.

In any event, Judge Woelpper is entitled to absolute judicial immunity from Matthews's claims, and Krasner is entitled to absolute prosecutorial immunity. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 355–56 (1978); Azubuko v. Royal, 443 F.3d 302, 303–04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." Gallas v. Supreme Ct. of Pa., 211 F.3d 760, 768 (3d Cir. 2000). Prosecutors are also entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976). District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. See Van de Kamp v. Goldstein, 555 U.S. 335, 348–49 (2009). These doctrines preclude Matthews's § 1983 claims against Judge Woelpper and Krasner.

### B. State Law Claims

Matthews's remaining claims arise under Pennsylvania law. However, 28 U.S.C. § 1332(a) provides the only independent basis for this Court's jurisdiction over those claims.[3] That provision grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. See Washington v. Hovensa LLC, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." Pierro v. Kugel, 386 F. App'x 308, 309 (3d Cir. 2010).

The Complaint suggests that Matthews and the Defendants are all Pennsylvania citizens. Accordingly, diversity is lacking, and these claims will be dismissed without prejudice for lack of subject matter jurisdiction.

### IV.   CONCLUSION

For the foregoing reasons, the Court will grant Matthews leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety. The Court will dismiss Matthews's § 1983 claims against Judge Woelpper and Krasner with prejudice for failure to state a claim and will dismiss his remaining § 1983 claims without prejudice as barred by Heck. See Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016). The Court will dismiss Matthews's state law claims without prejudice for lack of subject matter jurisdiction, and he may pursue those claims in state court if

---

[3] The Court will not exercise supplemental jurisdiction over those claims, having dismissed Matthews's only federal claim.

he opts to refile there.[4] Matthews may not file an amended complaint in this case because any such amendment would be futile.

An appropriate Order, dismissing this case, follows.

---

[4] The Court expresses no opinion on the merits of any state law claims.