# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KONATA MATTHEWS,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 20-CV-5081** |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.*, | : | |
|     **Defendants.** | : | |

## ORDER

AND NOW, this 22nd day of February, 2021, upon consideration of Konata Matthews's Motion to Proceed *In Forma Pauperis* (ECF No. 3), Prisoner Trust Fund Account Statement (ECF No. 4), and *pro se* Complaint (ECF No. 1), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Konata Matthews, #NP-4020, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI-Dallas or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Matthews's inmate account; or (b) the average monthly balance in Matthews's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Matthews's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Matthews's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of SCI-Dallas.

4. The Complaint is **DEEMED** filed.

5. Matthews's Complaint is **DISMISSED** in its entirety for the reasons discussed in the Court's Memorandum as follows:

    a. Matthew's § 1983 claims against Donna Woelpper and Larry Krasner are **DISMISSED WITH PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

    b. Matthew's § 1983 claims against the City of Philadelphia and Baukus are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Matthews may file a new case raising these claims only in the event his underlying convictions are reversed, vacated, or otherwise invalidated; and

    c. Matthews's state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

6. The Clerk of Court shall **CLOSE** this case.

                        **BY THE COURT:**

                        */s/ Mitchell S. Goldberg*
                        **MITCHELL S. GOLDBERG, J.**